IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID LEE SMITH,**
**DOC # 668912,**

    **Plaintiff,**

vs.                                                            Case No. 4:07cv156-RH/WCS

**FLORIDA JUDICIAL**
**QUALIFICATION COMMISSION, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed an "emergency motion" contending that he is subject to "violent retaliations to verified complaints upon an A.D.A. qualified Plaintiff David Lee Smith . . . ." Doc. 7. Plaintiff also states in his "emergency motion" that this case is not a civil rights case under 42 U.S.C. § 1983, but is filed under 42 U.S.C. § 1985, § 1986, and 18 U.S.C. § 241, § 242, and 42 U.S.C. § 2000, and 42 U.S.C. § 12101. Doc. 7. Plaintiff asserts that the Court has erred in assuming this is a civil rights action. *Id.*

Review of this motion prompted closer review of the other documents in this case, and other cases filed by Plaintiff. Regardless of the statutes by which Plaintiff attempts to bring this civil action, it is recognized that Plaintiff is an inmate incarcerated in the Florida Department of Corrections. Plaintiff's inmate identification number, as provided by Plaintiff on the complaint, doc. 1, is #668912. Plaintiff is a frequent filer in this District and it is recognized that Plaintiff has accumulated more than three "strikes" under 28 U.S.C. § 1915(g), and has already been barred from preceding with *in forma pauperis* status in this Court. Just a year ago, case 1:06cv53-MP/AK was dismissed under § 1915(g) because Plaintiff did not simultaneously pay the filing fee for the case and he was not otherwise entitled to proceed with *in forma pauperis* status. See docs. 3, 7 of that case. As long ago as 1998, Plaintiff was barred from filing cases in this Court without full prepayment of the filing fee. *See* 4:98cv212.

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As noted above, Plaintiff has had more than three cases dismissed under conditions which count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is well aware that he is not entitled to *in forma pauperis* status.

Plaintiff's allegations in this case against persons who are not present at his prison. Therefore, it is obvious that Plaintiff's complaint does not bring him within the

"imminent danger of serious physical injury" provision.  This case must be dismissed without prejudice and Plaintiff may re-file this case if he desires to do is, if he simultaneously submits the full filing fee.  See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that the prior order which directed Plaintiff to submit an *in forma pauperis* motion on the proper forms for this District, doc. 6, be **VACATED**, that all pending motions be **DENIED**, and this case be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1916(g) from initiating a civil action in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2007.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**